IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                      No. CR 02-1167 LH

JOSEPH ERIC SILVA,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant's Petition For Writ Of Audita Querela (Doc. 36) filed on May 16, 2008. In the petition, Defendant alleges that he "pleaded guilty . . . to a [charge] of Possession With Intent to Distribute 50 kilos or more of Marijuana. . . . but, the Indictment did not specifically identified [sic] the Gross and Net Weights of the . . . Marijuana." (Pet. at 5.) As a result, he contends, "he is innocent of the conviction under the Subsection 841(b)(1)(C), and he should be re-sentenced under the Subsection 841(b)(1)(D)." (Pet. at 11). Defendant further asserts that the decision in *United States v. Booker*, 543 U.S. 220 (2005), applies retroactively to his sentence. He also argues that his case presents extraordinary circumstances and that a constitutional defect in a criminal conviction may be raised at any time. The Court will deny the petition.

      In this criminal proceeding Defendant waived indictment and entered a plea agreement (Doc. 19) to an information charging possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The Court entered judgment (Doc. 24) on Defendant's guilty plea on October 23, 2002, and his sentence was affirmed on appeal (Doc. 28). The Court then dismissed his motion under 28 U.S.C. § 2255 (Doc. 31), which included a claim of defective indictment, and

the dismissal also was affirmed on appeal (Doc. 34).  Defendant later filed a motion in the Court of Appeals for the Tenth Circuit seeking leave to prosecute a second or successive § 2255 motion.  The court denied the motion, specifically rejecting his claim of illegal sentence under § 841.  *See Silva v. United States*, No. 07-2066, slip ord. at 3 (10th Cir. Mar. 23, 2007).  The instant petition followed.

As a starting point, the terms of § 2255 provide the exclusive avenue for attacking a federal criminal conviction or sentence, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus"),[1] and Defendant's pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992).  The gravamen of the petition is that Defendant must be re-sentenced pursuant to *Booker*'s assertedly retroactive ruling that the guidelines are only advisory.  This claim is expressly contemplated by § 2255; relief is available where a "sentence was imposed in violation of the Constitution or laws of the United States . . . , or . . . the court was without jurisdiction to impose such sentence."  § 2255.

After the Tenth Circuit denied Defendant leave to file a second or successive § 2255 motion, he filed his petition seeking relief against his sentence under the All Writs Act.  "Even though the writ of *audita querela* has been abolished in civil cases, we acknowledged in [*United States v.*] *Torres*[, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002),] that a petition for a writ of *audita querela* might afford post-conviction relief to a criminal defendant to challenge a conviction or sentence to the extent it fills gaps in the current system of post-conviction relief."  *United States v. Harris*, No. 10-5058, 2010 WL 3274503, at *2 (10th Cir. Aug. 19, 2010).  On the other hand, "a writ of audita

---

[1] A writ of habeas corpus may be sought if § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673, and the writ of error coram nobis remains available to a defendant who is not in custody.  *See United States v. Hernandez*, 94 F.3d 606, 613 n.5 (10th Cir. 1996).

querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *Torres*, 282 F.3d at 1245, *quoted in United States v. Muldrow*, 373 F. App'x 903, 904 (10th Cir. 2010).

Defendant relies primarily on *Kessack v. United States*, No. CV 05-1828 Z, 2008 WL 189679 (W.D. Wash. Jan. 18, 2008), for the proposition that audita querela is an appropriate basis for the relief he seeks. *See id.* at *5 (granting writ of audita querela and re-sentencing the defendant after *Booker*, based on disparity of sentences). However, as the Court of Appeals for the Ninth Circuit subsequently stated:

> [R]eliance on *Kessack* is misplaced. It is contrary to the law of this Circuit. In *Carrington v. United States*, 503 F.3d 888, 889 (9th Cir. 2007), we rejected a prisoner's claim that he was entitled to resentencing because he had been sentenced prior to *Booker* under the existing mandatory provisions of the Sentencing Guidelines. We reasoned as follows:
>> Petitioners argue that there is a gap in postconviction relief. They contend that the numerical limits on filing habeas petitions preclude them from raising a claim based on *Booker* through a § 2255 habeas petition. We have previously held, however, that the statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs. Moreover, even if petitioners had been granted permission to file second or successive habeas petitions under 28 U.S.C. § 2244(b)(3), we have held that *Booker* does not apply to cases on collateral review. Therefore, petitioners are not entitled to relief on collateral review, however it is labeled.
> Accordingly, we conclude that the district court did not err in denying [defendant]'s petition for a writ of audita querela.

*United States v. Gamboa*, 608 F.3d 492, 495 (9th Cir. 2010) (internal citations omitted).

Tenth Circuit cases are in accord with the view expressed in *Gamboa*. " 'Where a statute specifically addresses the particular issue at hand,' as § 2255 does here, 'it is that authority, and not the All Writs Act [under § 1651], that is controlling.' As a result, no gap exists to fill in [Defendant]'s post-conviction remedy." *Harris*, 2010 WL 3274503, at *3 (quoting *Carlisle v. United States*, 517 U.S. 416, 429 (1996). Furthermore, " 'a petitioner [may not] avoid the bar

against successive § 2255 petitions by simply styling a petition under a different name.' " *Vanlitsenborgh v. United States*, 177 F. App'x 807, 808 (10th Cir. 2006) (quoting *Torres*, 282 F.3d at 1246); *and see United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (affirming district court's refusal to recast pleadings as a § 2255 motion when relief would be "facially . . . 'barred as untimely . . . or as second or successive' "). Because Defendant's allegations present no basis for issuing a writ of audita querela, the Court will deny his petition.

No other matters remain pending in this proceeding, and thus Defendant's motion for appointment of counsel will be denied.

IT IS THEREFORE ORDERED that Defendant's Petition For Writ Of Audita Querela (Doc. 36) filed on May 16, 2008, is DENIED; and his motion for appointment of counsel (Doc. 37) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE